DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GEORGE R. SIMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SAPPHIRE BAY CONDOMINIUMS WEST<br>BOARD OF DIRECTORS and<br>COMMISSIONER DAWN L. HENRY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case Nos. 3:18-cv-0006<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

**THIS MATTER** comes before the Court *sua sponte*. For the reasons stated below, the Court will dismiss this case.

The record shows that this matter was initiated by Plaintiff George R. Simpson ("Simpson") filing a Petition for Writ of Mandamus on January 24, 2018. (ECF No. 1.) On even date, Simpson filed an Appendix. (ECF No. 2.) Counsel for Defendant Sapphire Bay Condominiums West Board of Directors ("Sapphire Bay") filed a Notice of Appearance on March 22, 2018. (ECF No. 3.) On February 19, 2019, counsel for Commissioner Dawn L. Henry filed a Notice of Appearance. (ECF No. 4.) Plaintiff has taken no further action to advance this matter.

On March 2, 2021, Sapphire Bay filed a notice of suggestion of death and death certificate indicating that Simpson passed away on April 2, 2019. (ECF Nos. 9, 9-1 at 2.)

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). Here, although no defendant has filed a motion to dismiss the action, the Court may also, *sua sponte*, dismiss the action for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant— nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

*Simpson v. Sapphire Bay Condominiums West et al.*
Case No. 3:18-cv-0006
Order
Page 2 of 4

When a party dies, any party "or decedent's successor or representative" may move for substitution of the party to pursue the action. Fed. R. Civ. P. 25(a)(1). In the instant case, the action has been dormant for more than three years and no party or legal successor has filed a motion to substitute party in the nearly two years since Plaintiff's passing. *Worthy v. Accumarine Transp.*, No. 9-cv-02262-TMC-JDA, 2010 U.S. Dist. LEXIS 147311, at *2 (S.D. Ala. May 19, 2010) (recommending that the district judge dismiss the action because the plaintiff died and, "to date, no action has been taken to substitute a proper party plaintiff to proceed with this litigation"), *adopted* No. 09-00664-WS-N, 2010 U.S. Dist. LEXIS 77349 (S.D. Ala. July 29. 2010). As such, the Court will dismiss the action without prejudice pursuant to Rule 41(b).

The premises considered, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of Court will **CLOSE** the case.

**Dated:** March 23, 2021                             /s/*Robert A. Molloy*
                                                     **ROBERT A. MOLLOY**
                                                     **District Judge**